IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| THE UNITED STATES OF AMERICA<br>for the use and benefit of<br><br>LOCAL ELECTRIC, LLC<br>204 Sycamore Road<br>Mount Airy, MD 21771,<br><br>    Plaintiff,<br><br>v.<br><br>NEW AGE DEVELOPMENT GROUP, LLC<br>16 North York Road<br>Hatboro, PA 19040<br><br>and<br><br>SWISS RE CORPORATE SOLUTIONS<br>AMERICA INSURANCE CORPORATION<br>F/K/A<br>NORTH AMERICAN SPECIALTY<br>INSURANCE COMPANY<br>1200 Main Street, Suite 800<br>Kansas City, MO 64105<br><br>Serve on:<br>Lynn M. Wheelock<br>992 Old Eagle School Road, #915<br>Wayne, PA 19087<br>Registered Agent,<br><br>    Defendants. | Case No.: |

## **COMPLAINT**

The United States of America, for the use and benefit of Local Electric, LLC (hereinafter "Local Electric" or "Subcontractor"), by and through undersigned counsel Steven J. Lewicky, Esq., Lisa M. White, Esq., and the law firm of Lewicky, O'Connor, Hunt & Meiser, LLC, hereby

1

brings this action against Defendants New Age Development Group, LLC ("New Age") and its surety, Swiss Re Corporate Solutions America Insurance Corporation, f/k/a North American Specialty Insurance Company ("NAS"), and for its claims and causes of action state:

## PARTIES AND JURISDICTION

1. This court has exclusive subject matter jurisdiction over this action pursuant to 28 28 U.S.C. § 1331 and Section 3133 of the Miller Act, codified at 40 U.S.C. § 3131, *et seq.*, as Local Electric's claims arise from non-payment under a payment bond supplied in conjunction with New Age's supply of labor and materials on a United States Government construction project. NAS is the surety on a payment bond issued to New Age on the subject project to ensure that subcontractors like Local Electric are paid. Count I of this lawsuit is brought in the name of the United States for the use and benefit of Local Electric pursuant to 40 U.S.C. § 3133(b)(3)(A).

2. This court has supplemental jurisdiction to adjudicate claims asserted in Counts II through IV pursuant to 28 U.S.C. § 1367(a) because the claims asserted therein are so related to Local Electric's Miller Act claim asserted in Count I that they form part of the same case or controversy under Article III of the United States Constitution, and pursuant to this court's diversity jurisdiction arising under 28 U.S.C. § 1332.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b)(2) and 40 U.S.C. § 3133(b)(3)(B), as the United States Government construction project that gives rise to this action is located in or near Bethesda, Maryland, which is within this judicial district.

4. Local Electric is a limited liability company organized under the laws of the State of Maryland, maintaining its principal office address is 204 Sycamore Road, Mount Airy, Maryland, 21771, and is in good standing to conduct business in the State of Maryland.

5. Upon information and belief, New Age is a limited liability company organized

under the laws of the Commonwealth of Pennsylvania, maintaining offices at 125 East Elm Street, Suite 300, Conshohocken, Pennsylvania 19428, and is not in good standing to conduct business in the State of Maryland as of the date of filing this Complaint.

6. Upon information and belief, NAS is a compensated corporate surety and insurance company organized under the laws of the State of Missouri, with offices at 1200 Main Street, Suite 800, Kansas City, Missouri 64105, which acted as surety on performance and payment bonds supplied by New Age under its contract for the Project that is the subject of this action.

## FACTUAL BACKGROUND

7. This Complaint arises out of New Age's failure and refusal to pay Local Electric for labor and electrical equipment that Local Electric provided in connection with the construction and renovation of Building Ten (10) at the National Institutes of Health ("NIH"), a United States Government facility located at 9000 Rockville Pike, Bethesda, Maryland. The subject project ("the Project") included a contract described as: contract number C108785 B10 Metabolic, design drawings dated March 18, 2021, Office Ste. B2-2426, and Metabolic Kitchen B2-2434 renovation ("the Contract").

8. On October 14, 2022, Local Electric and New Age entered into the Contract whereby New Age agreed to pay Local Electric $203,973.48 in exchange for Local Electric's demolition, data cabling, installation of a switch gear panel, furnishment of materials, and labor associated with the construction and renovation of the National Institutes of Health ("NIH") Building Ten (10). A copy of the Contract is attached hereto as Exhibit A.

9. On March 28, 2023, Local Electric submitted Invoice #1485 to New Age in the amount of $64,261.73 for Building Ten (10)'s kitchen remodel. On July 28, 2023, Local Electric

submitted Invoice #1540 to New Age, seeking payment in the amount of $41,726.24. New Age has failed to pay Local Electric for the services and materials described in Invoices #1485 and #1540. Copies of the invoices described in this paragraph are attached hereto as Exhibit B.

10. Local Electric provided all forms and information necessary for New Age to submit payment to Local Electric.

11. Local Electric performed the entirety of its obligations under the Contract and completed the scope of the work on June 30, 2023.

12. Local Electric requested payment from New Age on Invoices #1485 and #1540 multiple times by phone and email between March 28, 2023, and the date of filing this Complaint.

13. On September 5, 2023, Local Electric wrote to New Age, notifying it of the outstanding balances, and requesting immediate payment on all overdue invoices, including Invoices #1485 and #1540. A copy of this electronic mail message is attached hereto as Exhibit C.

14. NAS is a surety on a payment and a performance bond it issued for this construction project to ensure that subcontractors like Local Electric would be paid. New Age is the principal on these bonds. Copies of these bonds are attached hereto as Exhibit D.

15. The payment bond was executed by the surety North American Specialty Insurance Company on May 18, 2021. Upon information and belief, the surety's name changed subsequent to the issuance of the bond to Swiss Re Corporate Solutions America Insurance Corporation.

16. As of the date of the filing of this Complaint, Invoices #1485 and #1540 remain unpaid.

## COUNT I – ACTION ON PAYMENT BOND
## PURSUANT TO MILLER ACT, 40 U.S.C. § 3131, *et seq.*
### (Defendant Swiss Re Corporate Solutions America Insurance Corporation f/k/a North American Specialty Insurance Company)

17. Local Electric adopts and incorporates by reference all averments in the foregoing paragraphs.

18. Local Electric asserts a cause of action against NAS pursuant to 40 U.S.C. § 3133.

19. New Age and NAS executed and delivered the payment bond attached hereto within Exhibit D to the United States Government for the protection of persons having a direct contractual relationship with New Age for the furnishing of labor and/or materials on the Project.

20. New Age acted as the prime contractor on the Project, and Local Electric served as one of its subcontractors. Local Electric has a direct contractional relationship with New Age on the Project.

21. NAS is obligated, pursuant to the terms of the payment bond, to pay Local Electric for services it provided to the Project pursuant to the Contract, and for which New Age fails to pay.

22. NAS failed to fulfill its obligations under the payment bond by failing to pay Local Electric despite having been provided with copies of all invoices and supporting documentation that establishes Local Electric's claims.

23. Pursuant to 40 U.S.C. § 3133(b)(1), Local Electric is entitled to bring a civil action on the payment bond for the amount that is unpaid at the time of filing this action, and may prosecute the action to final execution and judgment for the amount due.

24. Local Electric completed its work on the Project more than 90 days but less than one year prior to the date of filing this Complaint. Accordingly, this action is timely filed pursuant to 40 U.S.C. § 3133(b)(4).

25. All conditions precedent to bringing these claims against the payment bond and recovering against the bond have been satisfied.

WHEREFORE, Local Electric, LLC, demands judgment against Defendant Swiss Re Corporate Solutions America Insurance Corporation f/k/a North American Specialty Insurance Company in an amount of $105,987.97, plus interest, costs, and such other and further relief as this Court may deem just and proper.

## COUNT II – BREACH OF CONTRACT
### (Defendant New Age Development Group, LLC)

26. Local Electric adopts and incorporates by reference all averments in the foregoing paragraphs.

27. A valid and enforceable contract exists between Local Electric and New Age wherein New Age agreed to pay Local Electric for services rendered for the construction and renovation of buildings located within NIH, a United States Government facility.

28. New Age has performed its work required under the Contract.

29. New Age failed and continues to fail to pay Local Electric amounts due and owing to Local Electric on the Project and pursuant to the Contract, as described in Invoices #1485 and $1540.

30. New Age breached its Contract with Local Electric by failing to pay Local Electric for services rendered on the Project and pursuant to the Contract.

31. Local Electric suffered and continues to suffer damages due to New Age's breach in the amount of $105,987.97.

WHEREFORE, Local Electric, LLC, demands judgment against New Age Development Group, LLC, in an amount of $105,987.97 plus interest, costs, and attorney's fees, and such other and further relief as this Court may deem just and proper.

### COUNT III – QUANTUM MERUIT
**(Defendant New Age Development Group, LLC)**

32. Local Electric adopts and incorporates by reference all averments in the foregoing paragraphs.

33. Local Electric rendered valuable construction and renovation labor, materials, and services to New Age with the intent and expectation of receiving payment for its work.

34. New Age accepted and received the benefit of the valuable labor, materials, and services rendered by Local Electric, and knew or had reason to know that Local Electric expected to be paid for such services, the value of which is the amount of not less than $105,987.97.

35. The valuable labor, materials, and services rendered by Local Electric to New Age were provided under such circumstances that New Age knew or had reason to know that Local Electric expected to be paid. New Age, however, failed to pay and refused to pay Local Electric for such valuable labor, materials, and services.

WHEREFORE, Local Electric, LLC, demands judgment against New Age Development Group, LLC, for the value, quantum meruit, of labor, materials, and services rendered to New Age Development Group, LLC, in an amount of $105,987.97, plus costs, interest, and such other and further relief as this Court may deem just and proper.

## COUNT IV – UNJUST ENRICHMENT
### (Defendant New Age Development Group, LLC)

36. Local Electric adopts and incorporates by reference all averments in the foregoing paragraphs.

37. Benefits were conferred by Local Electric on New Age though the provision of labor and materials on the Project.

38. New Age had appreciation of and knowledge of the benefits being conferred upon New Age by Local Electric.

39. New Age accepted and retained these benefits under circumstances that make it inequitable for New Age to retain these benefits without payment of their value to Local Electric.

WHEREFORE, Local Electric, LLC, demands judgment against New Age Development Group, LLC, for the value of labor, materials, and services rendered to New Age Development Group, LLC, in an amount of $105,987.97, plus costs, interest, and such other and further relief as this Court may deem just and proper.

Respectfully submitted,

May 1, 2024

LEWICKY, O'CONNOR, HUNT & MEISER, LLC

/s/ Steven J. Lewicky
_____
STEVEN J. LEWICKY
Bar No. 07464
slewicky@lohmlaw.com

/s/ Lisa M. White
_____
LISA M. WHITE
Bar No. 30838
lwhite@lohmlaw.com
8110 Maple Lawn Blvd., Suite 160
Fulton, MD 20759
(410) 489-1996 (Office)
(410) 775-8680 (Facsimile)

Attorneys for Local Electric, LLC

Attorneys for Local Electric, LLC